James Sturdevant #8016
119 N. Commercial St. #310
Bellingham, WA 98225
1360-671-2990
sturde@openaccess.org

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHLOE R. KNIGHT fka HAGER and IVAN KNIGHT husband and wife and the marital community composed thereof,<br><br>   Plaintiffs,<br><br>   v.<br><br>CREDIGY RECEIVABLES, INC., a Nevada Corporation, MANN BRACKEN, LLC, a Georgia Limited Liability Company, ESKANOS & ADLER, a California Professional Corporation, and DONNA SMITH,<br><br>   Defendants. | Case Number:<br><br>COMPLAINT |

**I.   INTRODUCTION**

l.   This is an action for statutory damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, under Wash. Rev. Code §§ 19.86, *et seq.* (2008), the Washington Consumer

COMPLAINT - 1/11

Protection Act for unlawful or deceptive acts or practices (CPA) and Wash. Rev. Code §§ 19.16, *et seq.* (2008), the Washington Collection Agency Act (WCAA). The last two are brought under the court's supplemental jurisdiction.

## II.   JURISDICTION

2.   Jurisdiction of this Court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is based on 28 U.S.C. § 1391(b)(2), for the plaintiffs, Chloe and Ivan Knight, lived in Whatcom County, Washington, when the defendants contacted and sued Chloe Knight in the Superior Court of the State of Washington for Whatcom County under Case No. 07-2-02108-2 on September 11, 2007. A true and correct copy of the filed complaint is attached Exhibit "A" (Complaint).

## III.   PARTIES

3.   Plaintiffs: Chloe Knight fka Hager and Ivan Knight are adults, husband and wife, and a marital community under the laws of the State of Washington. At the time of the lawsuit described herein they were residents of Whatcom County, Washington, and continue to reside in Whatcom County, Washington.

4.   Defendants:

A.   Credigy Receivables, Inc.:  Credigy Receivables,

Inc., (Credigy) is a Nevada Corporation.  Its principal officers, Jennifer Durden, Brett Samsky, and Steve Stewart list their address as 3950 Johns Creek Ct, Ste 100, Suwannee, GA 30224.  Steve Stewart also lists an address of 2877 Paradise #303, Las Vegas, NV.  It is a debt collector under 15 U.S.C. § 1692a(6) and under Wash. Rev. Code § 19.16.100(2) (2008).  Paragraph one of its Complaint alleges that it "is a business organization authorized to conduct business in the State of Washington."  This statement is false.  It is not registered as a collection agency with the Washington State Department of Licensing as required by Wash. Rev. Code § 19.16.110 (2008).  Under Wash. Rev. Code § 19.16.260 (2008) licensing is a prerequisite to a lawsuit.  Its filing a lawsuit without registering with the Washington State Department of Licensing violates Wash. Rev. Code § 19.16.250(15) (2008).  It also violates 15 U.S.C. § 1692e, e(5), e(10), 1692f.

    B.  Eskanos and Adler/Mann Bracken, LLC (Mann).  Eskanos & Adler, P.C., is a California Professional Corporation from Concord, California and a law firm.  Apparently it has merged with Mann Bracken, LLC, a Georgia limited liability company and a law firm.  Each is a "debt collector" as defined in 15

COMPLAINT - 3/11

U.S.C. § 1692a(6).

C.  Defendant Donna Smith is an attorney.  She worked for Eskanos & Adler P.C./Mann Bracken, LLC, and is a member of the Washington State Bar Association.  Her office is in Portland, Oregon.  Mann employed her to represent Credigy in the lawsuit.  She is a debt collector under 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

#### Background

5.  During 2000, plaintiff, Chloe Knight, was married to Robert Hager.  She and her husband incurred a "debt" as defined in 15 U.S.C. § 1692a(5), namely a Discover Credit Card bill.  The debt was primarily for personal, family and household purposes.  Her divorce was finalized during 2003.  Mr. Hager did not fulfill his financial obligations in the divorce decree.  She was thus without funds to pay the debt.  She was prepared to file bankruptcy during 2002.  But then she met her present husband who was a British citizen.  For immigration purposes to help him obtain a visa, she was advised not to and then did not file the bankruptcy.

#### LAWSUIT

6.  On or about June 29, 2007, defendant, Credigy had its

attorney Mann serve a summons and complaint on Chloe Knight at her home in Maple Falls, WA.  The summons and complaint was served under Wash. Super. Ct. Civ. R. 3(a).  It was served before the lawsuit was filed with the Court.  The complaint did not have a contract or the assignment of the debt from Discovery Card to Credigy attached to it.

    7.  Chloe Knight consulted an attorney, James Sturdevant. He sent Mann a Notice of Appearance on July 12, 2007.

    8.  On August 30, 2007, Donna Smith sent James Sturdevant a document entitled, "Notice of Intent To Take Default Judgment Pursuant to CR 55(a)(3)" (Notice of Intent) (Exhibit "B").  This document apparently is an Oregon court procedural document.  It has no analog under the Wash. Sup. Ct. R. and is legally ineffective.  The use of this document violates 15 U.S.C. § 1692e5, (e)10, (e)13 and 1692f.  It also violates, Wash. Rev. Code § 19.16.250(15) (2008).

    9.  Attached to the document was a Motion and Declaration For Order of Default and Default Judgment (Exhibit "C").

    A.  The declaration in paragraph three on page 2 stated:

> More than twenty (20) days have elapsed since the Defendant(s) (sic) was/were (sic) served and the Defendant(s) (sic) has/have (sic) failed to answer or otherwise defend against Plaintiff's Complaint.

This paragraph was false for defendant's attorney had sent

COMPLAINT - 5/11

plaintiff a Notice of Appearance.  This paragraph violates 15 U.S.C. § 1692e, (e)5, (e)10, and 1692f.

    B.  Plaintiff also requested attorney's fees of $500.00 in paragraphs six and seven on page three.  The motion laid out no legal basis under Washington State law for the request for attorney's fees.  This paragraph thus violated 15 U.S.C. § 1692e, e(2)(A)-(B), (e)(5), (e)(10), 1692f and Wash. Rev. Code § 19.16.250(15) (2008).

    10.  Attached to the motion also was a Declaration Of Plaintiff In Support of Default Judgment signed by Jason Williams, the Vice President of Credigy Receivables, Inc. (Exhibit "D").  The affidavit is hearsay and does not lay out the foundation for an exception to the hearsay rules.  It alludes to a bill of sale as attached "Exhibit A."  Exhibit "A" was not attached.  Under Wash. Rev. Code § 4.08.080 (2008) an assignee of a debt must prove a signed writing.  None was attached.  Taking the judgment without producing the required written assignment violates 15 U.S.C. § 1692e, e(5), e(10), 1692f, Wash. Rev. Code § 19.16.250(15) (2008).

    11.  Because the document was legally ineffective, plaintiff ignored it.

    12.  Donna Smith then without notice to plaintiff's

COMPLAINT - 6/11

attorney, James Sturdevant, and without informing the court that Knight, through her attorney, had noted an appearance, filed the lawsuit under Cause No. 07-2-02108-2 in Whatcom County Superior Court on September 11, 2007.  At the same time she filed the lawsuit, she also filed the Notice of Intent with its attached Motion and Declaration for Default Judgment and the Declaration of Plaintiff In Support of Motion For Default Judgment.  A Whatcom County Superior Court Commissioner signed the Order of Default and Default Judgment on September 11, 2007.  Exhibit "E" is a true and correct copy of the order.  Filing the lawsuit without notice to the defendant and without informing the court that the defendant's attorney had noted an appearance violates 15 U.S.C. § 1692e, e(5), e(10), 1692f, and Wash. Rev. Code § 19.16.250(15) (2008).

    13.   James Sturdevant, in a letter dated November 12, 2007, (Exhibit "F") wrote Donna Smith asking her if she had taken a judgment and that if she had taken one that she had the obligation to vacate it promptly.

    14.   Donna Smith replied with a letter dated November 16, 2007 (Exhibit "G").  She refused to vacate the default judgment.  Her actions violated Washington State law and

COMPLAINT - 7/11

statutes and 15 U.S.C. § 1692f.

15.  James Sturdevant, in a letter dated November 30, 2007, (Exhibit "H") again asked her to vacate the default judgment.  In a frustrated outburst he threatened to complain to the Washington State Bar Association.  He filed no complaint.  Donna Smith refused to vacate the judgment.

16.  Knight then brought and obtained a motion for show cause order to vacate the default judgment and served it on plaintiff.  Defendant Mann then agreed to vacate the default judgment and, in fact, vacated the default judgment.

17.  Knight was preparing discovery when she received a motion for a voluntary nonsuit under Wash. Sup. Ct. R. 41(a).  Credigy finally dismissed the case on August 7, 2008, without prejudice.  The voluntary nonsuit violated 15 U.S.C. § 1692e5 and § 1692f for it had threatened to do something it was not prepared to do.

18.  The described violations of the 15 U.S.C. §§ 1692 *et seq.* also violate Wash. Rev. Code §§ 19.86.010, 020.  The described violations of Wash. Rev. Code §§ 19.16, *et seq.* through  Wash. Rev. Code §§ 19.16.440, also violate Wash. Rev. Code §§ 19.86.010, 020.

SUMMARY

19.   Plaintiff has suffered actual damages as a result of of Defendants' illegal collection actions in their attorney's fees, time spent in defending the lawsuit, costs, mileage and in the form of embarrassment, relationship stress, anger, anxiety, emotional distress, fear, humiliation, and frustration among other negative emotions.

### V.   CAUSES OF ACTION

Fair Debt Collection Practices Act – 15 U.S.C. § 1692

20.   Plaintiffs reallege all preceding paragraphs of the complaint and incorporate them herein by this reference.

21.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22.   As a result of each and every Defendant's violation of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant herein.

Washington State Consumer Protection Act RCW 19.86.

23.  Because defendants violations of Wash. Rev. Code §§ 19.16, *et seq.* and the FDCPA also violated Wash. Rev. Code 19.86.010, .020 they are under Wash. Rev. Code § 19.86.090 (2008) entitled to judgment against defendant, Credigy, for their actual damages, treble damages, costs and attorney's fees. under Wash. Rev. Code  § 19.86.090 (2008) only against defendant Credigy.

### VI.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray this Court that judgment be entered against each and every defendant as follows:

A.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every defendant on behalf of both plaintiffs.

B.  Actual damages under 15 U.S.C. § 1692k(a)(1) against each and every defendant.

C.  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant.

D.  Under Wash. Rev. Code § 19.86.090 (2008), actual damages, treble damages, costs and attorney's fees only against defendant Credigy.

COMPLAINT - 10/11

E.  Under Wash. Rev. Code § 19.86.090 (2008) an injunction enjoining Credigy from bring lawsuits in Washington State without registering with the Washington State Department of Licensing as a collection agency and that it cannot use the Notice of Default herein in any of its lawsuits to take a judgment.

## VII.  JURY DEMAND

Plaintiffs hereby demand that this cause be tried by a jury.

Dated this 26th day of August, 2008.

```
                              /S/ James Sturdevant
                             James Sturdevant SBA #8016
                             Attorney for Plaintiffs
                             119 N. Commercial St. #310
                             Bellingham, WA 98225
                             1360-671-2990
                             sturde@openaccess.org
```