UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHLOE R. KNIGHT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY RECEIVABLES, INC., et.al., <br><br> Defendants. | Case No. C08-1277-BAT <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

Plaintiffs, Chloe and Ivan Knight, assert claims for violations of the Fair Debt Collection Practices Act (the "FDCPA" or the "Act"), the Washington Consumer Protection Act ("WCPA"), and the Washington Collection Agency Act ("WCAA"). Dkt. 1 (Compl.). Defendants, Credigy Receivables, Inc., Mann Bracken, LLC, Eskanos & Adler, and Donna Smith,[1] move for judgment on the pleadings under Fed. R. Civ. P. 12(c). Dkt. 27. Plaintiffs filed an opposition to the motion, and defendants filed a reply. Dkts. 28, 29.

This case arises out of defendants' efforts to collect a debt from plaintiffs by means of a lawsuit in Washington state court. Defendants' primary argument is that plaintiffs' FDCPA claims are based on communications between Smith and plaintiffs' attorney, which are not

---

[1] Defendants state that Mann Bracken, LLC, and Eskanos & Adler, both law firms engaged in debt collection, have merged their practices and are now known as MannBracken, LLP. Dkt. 28 at 1-2. Smith, an employee of Eskanos & Adler, is currently an employee of MannBracken. *Id.*

actionable under the FDCPA. Several of plaintiffs' claims relate to documents and letters that Smith sent to plaintiffs' attorney. Defendants' motion is GRANTED with respect to these claims. However, plaintiffs also assert claims related to the filing of pleadings in state court. Because these claims involve more than mere communication between attorneys, defendants' motion is DENIED with respect to these claims. Defendant also move for dismissal of plaintiffs' WCPA claims and asks the Court to decline to exercise supplemental jurisdiction over plaintiffs' state law claims in the event that it dismisses all the federal claims. Defendants' motion is DENIED with respect to these claims.

## BACKGROUND

The following facts are taken from the complaint and are assumed to be true only for the purpose of reviewing this motion for judgment on the pleadings.

Chloe Knight incurred a Discover Credit Card debt with her former husband, Robert Hagar. Compl. ¶ 5. This debt remained unpaid. *Id.* On June 29, 2007, Credigy, through counsel at Eskanos & Adler, served a summons and complaint for monies due on Knight. *Id.* ¶ 6, ex. A. The summons and complaint were served prior to filing with the superior court. *Id.* Credigy is not licensed as a collection agency in Washington. *Id.* ¶ 4(A). Knight consulted an attorney, James Sturdevant, who sent a notice of appearance to Eskanos & Adler on July 12, 2007. *Id.* ¶ 7.

On August 30, 2007, Smith sent Sturdevant a document titled Notice of Intent to Take Default Pursuant to CR 55(a)(3). *Id.* ¶ 8, ex. B. The document stated that Smith intended to apply to the Whatcom County Superior Court for default not earlier than September 7, 2007. *Id.* It did not contain notice of a hearing date. A Motion and Declaration for Order of Default and Default Judgment was attached to the notice. *Id.* ¶ 9, ex. C. The declaration by Smith stated that more than 20 days had elapsed since service and Knight had failed to answer or otherwise defend

against the complaint. *Id.* ¶ 9(A). The motion included a request for an award of attorney fees. *Id.* ¶ 9(B). Also attached was a declaration by Jason S. Williams, Vice President of Credigy, stating that Credigy had acquired the debt from Discover Bank. *Id.* ¶ 10, ex. D. The declaration stated that a bill of sale was attached, but a bill of sale was not in fact attached. *Id.* After Sturdevant concluded that the document was "legally ineffective," Knight ignored it. *Id.* ¶ 11.

On September 11, 2007, Smith filed the complaint in Whatcom County Superior Court, along with the Notice of Intent to Take Default, the Motion and Declaration for Order of Default and Default Judgment, and the Williams declaration. *Id.* ¶ 12. Smith did not provide notice of a hearing on the motion to Sturdevant. A Whatcom County Superior Court commissioner signed an Order of Default and Default Judgment the same day. *Id.*, ex. E. The order stated that Knight had "failed to appear or file an Answer herein." *Id.*, ex. E at 2.

On November 12, 2007, Sturdevant wrote to Smith, requesting her to vacate any judgment based on the Notice of Intent to Take Default. *Id.* ¶ 13, ex. F. Smith replied with a letter dated November 16, 2007, refusing to vacate the judgment at that time. *Id.* ¶ 14, ex. G. Sturdevant wrote to Smith on November 30, 2007, again requesting that she vacate the default judgment; Smith again refused. *Id.* ¶ 15, ex. H. After Knight filed a motion to vacate the default judgment, Smith vacated the default judgment. *Id.* ¶ 16. Credigy later moved for a voluntary nonsuit, and, on August 8, 2008, the case was dismissed without prejudice. *Id.* ¶ 17.

**ANALYSIS**

**A.     Standard of Review**

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. As with a Rule 12(b)(6) motion, judgment on the pleadings is proper when the moving party demonstrates that there are no material issues of fact to be resolved and that it is entitled to

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 3

judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court must assume the truth of material facts alleged in the complaint, and must construe all inferences reasonably drawn from the allegations in favor of the opposing party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). A complaint need only contain a "'short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations need not be detailed, but must be enough to raise a right to relief above a speculative level. *Bell Atlantic*, 127 S. Ct. at 1965. If a plaintiff has attached exhibits to the complaint, the court may consider those exhibits in determining whether dismissal for failure to state a claim is proper. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

**B.     Fair Debt Collection Practices Act**

The FDCPA prohibits abusive, deceptive and unfair practices in connection with the collection of debt. 15 U.S.C. § 1692. The purposes of the Act are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). Because the Act is a remedial statute, courts construe it liberally in favor of the consumer. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

Plaintiff has alleged violations of the following provisions of the Act: 15 U.S.C. §§ 1692e generally, 1692e(2), 1692e(5), 1692e(10), and 1692f. Section 1692e provides generally that a debt

collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) prohibits the "[t]he false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." And section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f provides generally that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiffs allege that the following actions by defendants violated the FDCPA: filing a lawsuit in Washington without registering as a collection agency in the state; sending Sturdevant the Notice of Intent; declaring in the Motion and Declaration for Default that Knight had failed to answer or otherwise defend the lawsuit; requesting attorney fees without stating a legal basis for an award of attorney fees under Washington state law; filing the lawsuit without notice to Sturdevant and without informing the court that Sturdevant had made an appearance; taking a judgment without proving a written assignment of the debt from Discover; refusing to vacate the judgment when initially asked to do so; and taking a voluntary nonsuit.

**C.  Washington Collection Agency Act and Consumer Protection Act**

The WCAA requires collection agencies or out-of-state collection agencies to register with the state department of licensing. Wash. Rev. Code § 19.16.110. The WCAA further provides that:

> [n]o collection agency or out-of-state collection agency may bring or maintain an action in any court of [Washington] involving the collection of a claim of any third party without alleging and proving that he or it is duly licensed under this

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 5

chapter and has satisfied the bonding requirements hereof, if applicable:
PROVIDED, That in any case where judgment is to be entered by default, it shall
not be necessary for the collection agency or out-of-state collection agency to
prove such matters.

Wash. Rev. Code § 19.16.260. It also provides that a licensed collection agency and its employees may not "[t]hreaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." *Id.* § 19.16.250(15). Plaintiff alleges that the following actions by Credigy[2] violated these provisions of the WCAA: filing the lawsuit without registering as a collection agency, sending the Notice of Intent, requesting attorney fees without stating a legal basis for an award of attorney fees under Washington state law, taking the judgment without proving the assignment, filing the lawsuit without registering as a collection agency in the state, and filing the lawsuit without notice to Sturdevant and without informing the court that Sturdevant had made an appearance.

The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020. Plaintiffs allege that Credigy's violations of the FDCPA and the WCAA violate this provision.

**D.     Defendants' Motion to Dismiss**

Defendants assert in their motion to dismiss that plaintiffs' claims fail because: (1) the claims involve only communications between a debt collector attorney and a debtor's attorney, which are exempt from the FDCPA, (2) plaintiffs' claim for a violation of the WCPA rests on non-existent violations of the FDCPA and WCAA, and (3) plaintiffs lack standing to seek relief

---

[2] Plaintiffs state in their response to the motion to dismiss that they assert claims under the WCAA and WCPA against Credigy only. Dkt. 28 at 4.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 6

based on Credigy's alleged failure to register as a debt collector. Dkt. 27 at 2.

**1.  Communications Between Creditor and Attorney**

Defendants rely primarily on the Ninth Circuit Court of Appeals decision in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007). In that case, the court held that "communications directed solely to a debtor's attorney are not actionable under the Act." *Id.* at 934. This is because lawyers act as "intermediaries able to bear the brunt of overreaching debt collection practices from which debtors and their loved ones should be protected." *Id.* at 935. *Guerrero* involved a letter sent from a debt collector to a debtor's attorney, not pleadings filed in court. Defendants concede that the *Guerrero* court did not hold that pleadings are exempt from the FDCPA, but they invite the Court to extend the Ninth Circuit's reasoning to the situation at hand. Dkt. 27 at 7.

Plaintiffs respond that "the lawsuit is about considerably more than a mere communication between attorneys." Dkt. 28 at 1. They characterize the basis for their FDCPA claims as: filing defective documents with the court and taking a default judgment based on them, failing to give notice of the motion and hearing for default, failing to inform the court that an attorney had made an appearance for Knight, and failing to vacate the judgment when Sturdevant asked Smith to do so. Dkt. 28 at 3.

The United States Supreme Court has held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). The Court declined to distinguish between "legal" activities and "debt collection" activities, concluding that "litigating, at first blush, seems simply one way of collecting a debt. *Id.* at 296-97. The Court also examined the legislative history of the FDCPA, noting that at one time it included an express exemption for lawyers, but this exemption was removed "in its entirety,

without creating a narrower, litigation-related exemption to fill the void." *Id.* at 294-95. This would not seen compatible with a holding that pleadings filed in court are exempt from the FDCPA. Moreover, although neither the Supreme Court nor the Ninth Circuit has considered the exact question that defendants present, other courts have concluded that pleadings filed in state court may violate the FDCPA. *See*, *e.g.*, *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229-32 (4th Cir. 2007) (holding that FDCPA applies to attorneys' litigation activities); *Goldman v. Cohen*, 445 F.3d 152, 155 (2nd Cir. 2006) (holding that debt collector's initiation of lawsuit in state court is an "initial communication" within meaning of FDCPA); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472-73 (7th Cir. 2000) (affirming district court finding that debt collector's allegation in state court pleading was a false representation in violation of the FDCPA).

The Ninth Circuit discussed *Heintz*'s implications in *Guerrero*. It first noted that the *Heintz* Court addressed only the question of whether an attorney who regularly, through litigation, tries to collect consumer debts is a "debt collector" for purposes of the Act; it did not address the question before the *Guerrero* court. *Guerrero*, 499 F.3d at 937. The fact that the communication at issue in *Heintz* was a letter sent to the debtor's attorney was mentioned in passing and was not necessary to the Court's holding. *Id.* Accordingly, the Ninth Circuit declined to follow any "implicit assumption" about communication with an attorney in *Heintz* because it was not binding precedent. *Id.* at 937-38. But, as defendants concede, *Guerrero* did not involve pleadings filed in a court and, accordingly, does not answer the question presented here.

The FDCPA is designed to protect consumers from abusive and unfair debt collection practices. 15 U.S.C. § 1692. Letters between counsel may be viewed as communications between the sender and the recipient, with a debtor's attorney able to "bear the brunt" of any abusive practices and respond as the attorney sees fit. However, pleadings filed in a court are of an

entirely different nature.  Although a pleading filed in court is served on a debtor's attorney, it has, as its ultimate recipient, the debtor herself.  This is because a lawsuit is an action against the debtor, not against the debtor's attorney.  The demand is for money from the debtor.  And a default judgment is a judgment against the debtor, not the debtor's attorney.  Accordingly, pleadings filed in a lawsuit are ultimately directed at the opposing party—the debtor.  For these reasons, the Court declines plaintiff's invitation to extend *Guererro*'s reasoning to pleadings filed in court.[3]

Several of plaintiffs' claims relate solely to communications between Smith and Sturdevant.  Smith sent the Notice of Intent and attached documents to Sturdevant before filing them with the court.  Compl. ¶ 8.  This was a communication by Smith of her intent to file the lawsuit and seek a default judgment.  Under *Guerrero*, merely sending these documents to Sturdevant, regardless of any defects in them, is not actionable under the FDCPA.  The letters between Smith and Sturdevant regarding vacating the default judgment are also communications between a creditor and a debtor's attorney.  Smith's November 16, 2007 letter explained the actions she had taken in connection with the default judgment and stated that another attorney was reviewing the matter.  This communication was directed solely to Sturdevant and is therefore not actionable under the Act.  Accordingly, plaintiffs' claims as stated in paragraphs 8, 9, 10, 14, and 15 fail to state a claim on which relief can be granted.  Defendants' motion to dismiss is

---

[3] Defendants argue in their reply brief that plaintiffs are attempting to "bootstrap" violations of state debt collection law into FDCPA violations, citing to two unpublished opinions from the Northern District of Illinois.  Dkt. 29 at 4-6.  The Court does not typically address arguments raised for the first time in a reply brief.  Moreover, the Court does not find this argument persuasive on the facts of this case.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 9

GRANTED with respect to these claims, and they are hereby DISMISSED.[4]

Other claims, however, do state a claim with respect to pleadings filed in court. Although inartfully pled, plaintiffs have given fair notice of a claim that defendants filed the Motion and Declaration for Default without giving Sturdevant notice of the hearing and without informing the court that Sturdevant had noted an appearance. The complaint states that Smith violated the FDCPA by "[f]iling *the lawsuit* without notice to the defendant and without informing the court that the defendant's attorney had noted an appearance." Compl. ¶ 12 (emphasis added). Although plaintiffs have pointed to no requirement that a plaintiff give a defendant notice of filing of a complaint after service,[5] Smith filed the Motion and Declaration for Default and supporting documents along with the complaint, and plaintiffs assert claims related to defects in these documents. Under Wash. Sup. Court Civ. R. 55(a)(3), a party who has appeared in the action is entitled to five days' notice before a hearing on a motion for default. Plaintiffs' claim, together with the supporting exhibits, gives defendants fair notice that plaintiffs are asserting claims based on alleged defects in how defendants sought the default judgment. Because plaintiffs' claims in paragraph 12 relate to pleadings filed in court and not mere communications between attorneys, they state a claim on which relief can be granted. For this reason, defendants' motion to dismiss is DENIED with respect to these claims.

---

[4] Plaintiffs request leave to amend their complaint to fix any deficiencies the Court finds their complaint defective. Dkt. 28 at 3-4. The Court does not find that plaintiffs' proposed amendment would cure the defects in their claims related to communications between attorneys. Accordingly, the Court declines to grant leave to amend as requested in the motion.

[5] Under Wash. Sup. Court Civ. R. 3(a), a civil action is commenced by serving a summons and complaint or by filing the complaint. Credigy commenced the lawsuit by serving a summons and complaint on Knight. Plaintiffs have pointed to no requirement that a plaintiff give a defendant notice of filing of a complaint after service or give the court notice at time of filing that an attorney for defendant has appeared, and the Court has found none.

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 10

Plaintiffs further claim that defendants violated the FDCPA when they took a voluntary nonsuit. Compl. ¶ 17. The complaint alleges that Knight "received a motion for a voluntary nonsuit" and "Credigy finally dismissed the case on August 7, 2008, without prejudice." *Id.* Plaintiffs allege that the voluntary nonsuit violated 15 U.S.C. § 1692e(5) and § 1692f because it "threatened to do something it was not prepared to do." Compl. ¶ 17. The complaint does not clearly state whether defendants filed the motion for voluntary nonsuit with the court, and the motion is not attached as an exhibit. However, even if the claim relates to pleadings filed in court, a claim that a voluntary nonsuit "threatened to do something it was not prepared to do" does not state a claim. Plaintiffs allege that defendants moved for and were granted a nonsuit—thus, they allege that defendants did exactly what the motion for nonsuit sought to do. The fact that defendants moved for a voluntary nonsuit may be evidence of defendants' intent in filing the lawsuit, but the motion itself is not something that defendants threatened to do with no intention of doing. Accordingly, defendants' motion to dismiss is GRANTED with respect to this claim.

### 2. Consumer Protection Act Claims

Defendants next argue that the Court should dismiss plaintiffs' WCPA claims because these claims are based on non-existent FDCPA and WCAA violations and because plaintiffs lack standing to seek relief based on Credigy's alleged lack of a license. Dkt. 27 at 8-9.

Defendants first assert that, based on their argument above, plaintiffs have not stated any FDCPA claims and so cannot base WCPA claims on FDCPA violations. Plaintiffs respond that they alleged WCPA violations in paragraphs 4(A), 8, 9, 10, 12, 13, 14, and 15 of the complaint. Dkt. 28 at 4. However, none of these paragraphs reference the WCPA. Paragraph 14 of the complaint alleges that Smith's refusal to vacate the default judgment violated "Washington State law and statutes," but does not specify which law or statutes. These allegations do not provide fair

notice of WCPA claims, and the Court declines to infer WCPA claims from them. Plaintiffs alleged WCPA claims in paragraph 18 only, where they alleged that defendants' FDCPA and WCAA violations also violated the WCPA. Compl. ¶ 18. Several of plaintiffs' FDCPA claims have survived defendants' motion to dismiss. Accordingly, to the extent plaintiffs have stated FDCPA claims, they have stated WCPA claims.

Defendants next argue that plaintiffs cannot base their WCPA claims on WCAA violations because plaintiffs have not stated a claim under the WCAA. Dkt. 27 at 8-9. Defendants contend that, because Wash. Rev. Code § 19.16.250 prohibits debt collectors from practicing law and prohibits various other acts that debt collectors cannot do to debtors, this section, like *Guerrero*, does not apply to communication with a debtor's lawyer. *Id.* As plaintiffs note, defendants have cited no case law in support of this theory. Moreover, plaintiffs allege a violation of Wash. Rev. Code § 19.16250(15), which prohibits a debt collector from "[t]hreaten[ing] to take any action against the debtor which the licensee cannot legally take at the time the threat is made." This provision contains no requirement that that the threat be made directly to the debtor. In any event, as discussed above, the filing of a lawsuit is an action taken against the debtor, not against the debtor's attorney. Defendants' argument here is not persuasive.

Finally, defendants argue that plaintiffs cannot base WCPA claims on Credigy's alleged lack of a license to act as a collection agency in Washington because they lack standing to assert the licensing claim under the WCAA. Dkt. 27 at 9. They first point out that the WCAA provides for only penalties and sanctions for a violation of the licensing requirement. *See* Wash. Rev. Code § 19.16.430. They next argue that Wash. Rev. Code § 19.16.440 makes operating as a collection agency without a license an "unfair method of competition" under the WCPA, and it makes commission of an act prohibited by Wash. Rev. Code § 19.16.250 an "unfair act or practice" under

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 12

the WCPA. Dkt. 28 at 10. They reason that, because unfair methods of competition apply only to competitors,[6] plaintiffs, as consumers, have no cause of action for the licensing violation. *Id.*

Wash. Rev. Code § 19.16.440 provides, in full:

> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be *unfair acts or practices or unfair methods of competition* in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

(Emphasis added.) The statute does not, as defendants assert, specify that acting without a license is an unfair method of competition, while other prohibited practices are unfair acts or practices. Defendants do not cite, and the Court could not find, a Washington case making the distinction that defendants assert exists in this statute. The Court declines to read this distinction into the plain language of the statute. Accordingly, a WCAA violation may be an unfair act or practice under the WCPA and, to the extent plaintiffs have stated claims under Wash. Rev. Code § 19.16.110 and § 19.16.250, they have stated WCPA claims. For the above reasons, defendants' motion to dismiss is DENIED with respect to the WCPA claims.

### 3. Supplemental Jurisdiction

Defendants ask the Court to decline to exercise supplemental jurisdiction over plaintiffs' state-law claims if it dismisses plaintiffs' federal claims. Dkt. 27 at 11-12. Because the Court has not dismissed all of plaintiffs' federal claims, it declines to dismiss plaintiffs' state-law claims.

///

///

---

[6] Under the WCPA, the term "unfair competition" applies only to acts against competitors, while acts harmful to consumers are "unfair and deceptive practices." *See Boggs v. Whitaker, Lipp & Helea, Inc.*, 56 Wash. App. 583, 586 (1990).

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS – 13

## CONCLUSION

In sum, defendants' motion for judgment on the pleadings (Dkt. 27) is GRANTED with respect to plaintiffs' claims as stated in paragraphs 8, 9, 10, 14, 15, and 17, and these claims are hereby DISMISSED. Defendants' motion is DENIED in all other respects

DATED this 10th day of February, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge